## HINTON v
## YOUNGSTOWN SUBURBAN RY CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2342. Decided March 26, 1937

W. L. Countryman, Youngstown, for appellant.

Osborne Mitchell, Youngstown, for appellee.

## OPINION

By CARTER, J.

This cause is in this court on appeal and questions of law, the action below being one for personal injuries claimed to have been received by the plaintiff when struck by a car operated by the Youngstown Suburban Railway Company.

The plaintiff in his petition alleges that he is a minor of the age of fourteen years; that the Youngstown & Suburban Railway Company is a corporation under and by virtue of the laws of the State of Ohio, for the purpose of maintaining and operating a railway on which trains, propelled by steam or electricity may be operated, and was engaged at the times herein mentioned in the business of operating an electric passenger car over such railway from the City of Youngstown to Boardman, Woodworth and places to the south thereof, and steam trains between Boardman and Woodworth and beyond; that the defendant owned a right of way from Boardman to Woodworth, and at all times herein referred to maintained a single track over which it operated its trains and cars; that parallel and adjacent to said right of way there was and is a public highway known as Southern Boulevard, extending in a northerly and southerly direction; that at a place one-half mile south of Boardman the defendant maintained a certain place at which it stopped its cars and which was improved by a platform and a waiting room for the convenience of passengers; that at this place there was a crossing over the tracks and right of way of this defendant, effecting an extension of Charles Street, across said right of way and tracks and extending in an easterly and westerly direction. This crossing was improved and maintained in a condition suitable for use by vehicles and pedestrians, and at this point the road bed and tracks

of the defendant were elevated to a height of about five feet above the level of the adjoining street; that plaintiff, on or about the 17th day of September, 1934, was a passenger in an automobile being at that time driven from the east and to the westerly side of Southern Boulevard over said crossing, and that at or about the same time the defendant, through its employe, and in its behalf, was operating an electric car from Boardman toward said crossing; that he failed to slow down the car as the same approached the crossing; failed to have the same in proper control so as to be able to stop same to avoid a collision; that the car was being operated at the time at a speed of about thirty-five miles per hour; that the car struck the automobile in which plaintiff was riding, injuring him, and alleges that plaintiff was at all times in the exercse of ordinary care. He seeks damages in the amount of $50,000.

To this petition an answer was filed by the defendant, in which it admits that it is a common carrier railway, and at the time mentioned in plaintiff's petition it operated electric interurban passenger cars from Youngstown to points south; admits that there was a station on its line known as "McConnell," about a half mile south of Boardman, Ohio; denies that on the 17th day of September 1934, an accident took place at said stop under the circumstances described in plaintiff's petition; that plaintiff was injured in the manner alleged and to the extent thereof claimed; that the defendant was negligent in any respect whatever, and as a second defense it alleges that the defendant is the owner in fee of its private right of way at the location of McConnell stop, and that there was no public crossing at said stop, nor has any public street or road at any time been extended over the right of way and tracks of this defendant at said point. It further says that if upon the trial of the case it shall appear that plaintiff was present on the private right of way of this answering defendant at the time and place described in his petition, then it will further appear that plaintiff was a trespasser upon the private right of way and tracks of this answering defendant, and was there without permission, license or knowledge of this answering defendant, and in direct violation of its rules, and, as a third defense, it alleges if upon the trial of this case it shall appear that this defendant was in any respect negligent, that it will likewise appear that the plaintiff himself

was guilty of negligence in and about the premises, the said negligence of the plaintiff directly contributing to and causing any accident which then and there occurred, and the resulting injuries therefrom, in that the plaintiff, being a well grown, normal boy, of about the age of fourteen years, in full possession of his senses of sight and hearing, failed to exercise the same for his own safety, failed to look and listen before venturing on to the private right of way and tracks of this defendant, and failed to note the approach of an interurban electric passenger car and heed the warning signals given by the operator thereof; failed to call the existence of danger to the attention of the driver of the automobile in which he was a passenger; failed to protest the action of the driver of the car in operating the same over and across the tracks of the private right of way of this defendant.

To this answer a reply was filed by the plaintiff, in which he denies there was not a public crossing at the location of McConnell stop, which had been extended over the right of way of the defendant; denies that plaintiff was a trespasser in passing over the right of way of the defendant; denies that permission for him to pass over defendant's tracks at the place was necessary; denies that the minor was guilty of negligence directly and proximately contributing to the accident' and injuries which he received and every other statement and allegation not admitted to be true.

The issues thus joined, the cause came on for trial to the court and jury, resulting in a verdict in favor of the defendant. Motion for new trial filed, overruled and judgment rendered on the verdict. An appeal of law is prosecuted to this court to reverse the verdict and judgment thereon. Some thirteen errors are urged in the assignment of errors. However, we deem it unnecessary to pass on but one of these claimed errors, and that is that the verdict and judgment are contrary to law and the evidenie.

No complete bill of exceptions is before this court. The only matters found incorporated in the bill of exceptions are the charge of the court, both before and after argument, and such matters as are found in the transcript of the docket and journal entries, which include the assignment of errors, pleadings, verdict of the jury, the answer by the jury to certain interrogatories submitted to be returned with the verdict, the motion for new trial and the action the court took thereon. Therefore,

the consideration of this court is limited to those matters which are before us, as above indicated, and we are in no position to weigh the evidence to determine whether the findings of fact by the jury are or are not against the manifest weight thereof.

Sec 11420-17 GC provides:

"When either party requests it, the court shall instruct the jurors if they render a general verdict, specially to find upon particular questions of fact to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

Sec 11420-18 GC provides:

"When a special finding of facts is inconsistent with the general verdict, the former shall control the latter and the court may give judgment accordingly."

Pursuant to these sections the following interrogatories were submitted to the jury, with the request by the court that they be answered and returned with the general verdict:

"No. 1. Do you find that the crossing of The Youngstown & Suburban right of way, where the collision occurred, was a private crossing?"

Three answered "No"; nine answered "Yes."

"No 2. Do you find that Charles Street extended across the Youngstown & Suburban right of way as a duly dedicated public highway at the point where the collision occurred?"

Twelve answered "No."

"No. 3. Do you find that the minor plaintiff in this case, Harry Hinton, failed to exercise any degree of care for his own safety in attempting to cross at the time and place where the collision occurred?"

Three answered "No"; nine answered "Yes."

This action is not predicated on wilful or wanton negligence or misconduct, but is predicated upon a case of ordinary negligence. The defendant, in its answer, averred that the crossing in question was a private crossing. The plaintiff, in reply, denied this allegation. The jury, as a matter of fact, found that the crossing was a private crossing. Whether this finding was manifestly against the weight of the evi-

dence we are not able to determine in the absence of a bill of exceptions. The finding is in no way inconsistent with the general verdict returned, but it is found to be in harmony therewith. Due to this finding of the jury, this court is, under the circumstances, unable to disturb the verdict and judgment as being contrary to law or contrary to the manifest weight of the evidence.

Due to these conclusions we deem it unnecessary to determine other errors urged, as we are satisfied that the answer to this interrogatory determines the issues in favor of the defendant.

The court in his charge placed this question squarely up to the jury when he stated:

"Now, Members of the Jury, I want to leave to you a question of fact what was the nature and character of this crossing in question, that is, the use of the same. Now, of course, I have given you instruction relating to the duty of the railway company as to a trespasser and that is given to you for this purpose, that in the event you find this plaintiff, as a member of the public, was never given permission, either express or implied, by the defendant company, to use the crossing in question, then of course it naturally follows that such plaintiff would become a trespasser, and if he is found by this jury to be a trespasser, then you follow the law that I have given you touching or relating to the conduct of this plaintiff in that respect if you find his conduct to be that in such respect. Now, members of the jury, providing you find this was a crossing of such character and find that the public was given permission by this railroad company to use it as a public crossing, it will then be your duty to proceed to inquire into the conduct of this defendant company, acting by and through its motorman or operator of its cars, at the time and place in question, to determine whether or not such conduct of such person, that is, Mr. Mitchell, was negligence."

It might be further suggested that the court charged before argument that:

"One who enters without permission upon a private drive or crossing, maintained upon its own right of way by a railroad company. is a trespasser."

And that:

"A railroad company owes no duty to a trespasser upon its right of way save to abstain from wilfully or wantonly injuring him and of using reasonable effort to avoid injuring him when discovered, and that inasmuch as the petition filed by the plaintiff in this case does not charge the defendant railroad company with wilful and wanton negligence, you cannot find the defendant railroad company guilty of wilful or wanton negligence in this case."

There is no evidence before this court that plaintiff had any right to use this private crossing by virtue of any contractual relationship or by virtue of permission, express or implied. Judgment of the lower court affirmed.

ROBERTS and NICHOLS, JJ, concur.